# IN THE COURT OF APPEALS OF IOWA

No. 19-1966
Filed December 16, 2020

**KENNETH OSBORNE ARY,**
     Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
     Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Heather Lauber, Judge.

The applicant appeals the denial of his application for postconviction relief.

**AFFIRMED.**

Kevin Hobbs, West Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Israel Kodiaga, Assistant Attorney

General, for appellee State.

Considered by Doyle, P.J., and Mullins and Greer, JJ.

**GREER, Judge.**

Kenneth Osborne Ary appeals the denial of his application for postconviction relief (PCR). He claims he received ineffective assistance from trial counsel in two ways: (1) trial counsel missed the deadline to submit discovery requests and conduct depositions, which impaired his ability to impeach the State's star witness and (2) trial counsel was ineffective in handling jury voir dire, depriving Ary of his right to a fair and impartial jury.

**Facts and Earlier Proceedings.**

In 2013, Ary was charged with three counts of delivery of a controlled substance (crack cocaine). Following a jury trial in June 2014, he was found guilty on all three counts and sentenced to three consecutive twenty-one-year prison terms.[1] He appealed seeking a new trial, alleging (1) trial counsel provided ineffective assistance by missing the deadline for filing a discovery request; (2) the jury pool was tainted by statements made by a prospective juror during voir dire, violating his right to a fair and impartial jury; and (3) there was insufficient evidence to support the convictions. This court found Ary's right to an impartial jury was violated, and we reversed and remanded for a new trial. *See State v. Ary*, No. 14-1112, 2015 WL 4935612 at *9–10 (Iowa Ct. App. Aug. 19, 2015). After granting the State's application for further review, the Iowa Supreme Court reversed the court of appeals, finding the prospective juror's statements during voir dire did not violate Ary's right to a fair and impartial jury. *State v. Ary*, 877 N.W.2d 686, 703 (Iowa 2016). However, on the ineffective-assistance-of-counsel claim, the court

---

[1] Ary stipulated to his status as a second or subsequent offender and habitual offender; his sentence was enhanced accordingly.

found "Ary demonstrated his trial counsel failed to perform an essential duty" in missing the deadline to file notice of intent to take depositions and seek discovery. *Id.* at 705. But the court concluded "the record [was] inadequate to assess whether prejudice resulted from trial counsel's breach of an essential duty" and did not reach the merits on the ineffective-assistance claim. *Id.*

In August 2016, Ary filed a PCR application pro se. Ary's application was amended in December 2016 after he obtained counsel. In his application, Ary made essentially the same claims he now raises on appeal—that he was denied effective assistance when trial counsel missed the deadline to file discovery requests and take depositions and trial counsel's failure to properly conduct voir dire violated Ary's right to a fair and impartial jury. The PCR court specifically addressed and denied Ary's ineffective-assistance claim as to trial counsel's failure to conduct discovery. In its November 2019 ruling, the PCR court detailed the relevant facts and its thoughtful analysis as follows:

> On March 11, 2014, [Ary's] then counsel,[2] . . . filed a [m]otion to [p]roduce and a motion for leave to take depositions after the expiration of the established deadline. The court held a hearing on counsel's motions on April 22, 2014. Ary was represented by [trial counsel] at the April 22nd hearing. [Trial counsel] would remain Ary's counsel at all times material to this postconviction relief action. The court granted the pending motions and gave counsel until April 29, 2014, to file a notice of any additional depositions or discovery Ary intended to complete prior to trial. [Trial counsel] did not file the notice of additional discovery with the court until April 30, 2014. On May 14, 2014, [trial counsel] filed a motion asking the court to clarify the status of discovery and depositions. On May 23, 2014, the court entered an order, refusing to extend any deadlines to allow additional discovery, including depositions. The court's order was premised upon [trial counsel's] failure to timely file the discovery notice prior to the court's imposed deadline.

---

[2] Ary's then counsel took other employment and withdrew. Trial counsel appeared in Ary's defense for the first time on April 22.

. . . .

Ary claims his trial counsel was ineffective by failing to depose the confidential informant [(CI)] . . . .

. . . .

Ary's defense at trial, in his direct appeal, and in this postconviction relief action centers on [CI's] credibility. Relevant to this postconviction relief action, Ary claims that counsel failed to adequately challenge [CI's] credibility. If counsel had deposed [CI] prior to trial, Ary asserts counsel's cross-examination would have been more effective, and the trial result different. Here, the Iowa Supreme Court has already concluded that counsel breached an essential duty by failing to give timely notice of his intent to take depositions. The only remaining inquiry for this court is whether counsel's failure to notice and take depositions resulted in prejudice to Ary.

Ary, as the party making a claim of ineffective assistance of counsel, must show prejudice resulting from counsel's conduct. . . .

Ary cannot show prejudice. The evidence presented to the court was sufficient to support a finding of guilt beyond a reasonable doubt; there is nothing to suggest a jury would have found differently if [CI] had been deposed pre-trial. The State offered the testimony of the officers involved in the three controlled buys. These officers testified consistently, and in detail, about their training, education and experience with drug transactions, including the three at issue in Ary's case. [CI] also testified about the circumstances surrounding the three controlled buys. Although [CI] had a slightly different recollection than the officers about some of those circumstances, including the amount of money he was paid for his work as a confidential informant, and exactly where the officers' searches of his car occurred, [CI's] testimony was consistent with the officers' testimony on the salient points.

Additionally, [trial counsel's] cross-examination of [CI] was effective. He was not a credible witness. [Trial counsel] testified that [CI] appeared to be high, was combative, slurred his words, and provided inconsistent testimony during cross-examination. [Trial counsel] zealously cross-examined [CI], capitalizing on each of [CI's] inconsistent statements. During cross-examination and closing arguments, [trial counsel] highlighted those inconsistencies and evasive behaviors. Despite this, Ary contends that had [trial counsel] confronted [CI] with a 1995 Johnson County forgery conviction and a 2013 Polk County theft conviction, the jury would have rejected [CI's] entire testimony. The record does not support this conclusion. [Trial counsel] pointed out multiple times [CI] had been charged and convicted of crimes of dishonesty. It was for the jury to determine if [CI's] denials that those convictions were legitimate or that they belonged to him were credible. The jury either rejected those denials or found his prior convictions were not relevant to his actions in the

pending case. [Trial counsel] also cross-examined [CI] and the officers about the thoroughness of the officers' searches and their surveillance techniques. Bringing to the jury's attention that officers were working [CI] even though he had a pending theft case would have added little to [trial counsel's] argument the police were not thorough.

Finally, in addition to the officers' testimony, and the portions of [CI's] testimony that was corroborated by officers, the State also produced Ary's own admissions. The jury heard that Ary himself admitted he was selling crack cocaine during the time period at issue in this case. Deposing [CI] would have done nothing to mitigate or prevent these admissions from becoming evidence. In sum, Ary simply cannot meet his burden to show prejudice.

As to Ary's second claim, that trial counsel was ineffective in conducting voir dire, the PCR court considered this claim withdrawn. "Trial counsel did not raise this ground during trial, and other than a passing assertion that [trial counsel's] failure to conduct discovery combined with [trial counsel's] performance during jury selection warrants a new trial, it was not discussed in Ary's post-trial briefing."

**Error Preservation.**

Ary failed to mention how he preserved error on the two issues he raises. The State does not dispute that error was preserved on Ary's first ground for ineffective assistance of counsel, relating to trial counsel's failure to conduct discovery. Error was preserved on this issue.

However, the State argues that error was not preserved on Ary's second ground for ineffective assistance—the jury-selection claim. The court noted it considered the claim withdrawn, but it also ruled on the issue in the alternative, concluding Ary's ineffective-assistance claim on the jury-selection ground failed. "If the court's ruling indicates that the court *considered* the issue and necessarily ruled on it, even if the court's reasoning is 'incomplete or sparse,' the issue has been preserved." *Lamasters v. State*, 821 N.W.2d 856, 864 (Iowa 2012) (citing

*Meier v. Senecaut*, 641 N.W.2d 532, 540 (Iowa 2002)). This is not a case where the issue was "not considered by" the PCR court. *See id.* Because the PCR court addressed the issue and ruled on it, we consider the issue preserved for appeal.

**Standard of Review.**

We review claims of ineffective assistance of counsel de novo. *Ledzema v. State*, 626 N.W.2d 134, 141 (Iowa 2001).

**Analysis.**

"In order to succeed on a claim of ineffective assistance of counsel, [an applicant] must prove: (1) counsel failed to perform an essential duty; and (2) prejudice resulted." *State v. Maxwell*, 743 N.W.2d 185, 195 (Iowa 2008) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). To show prejudice, "the applicant must demonstrate 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Ledzema*, 626 N.W.2d at 143 (quoting *Strickland*, 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. We address Ary's PCR claims in reverse order.

*Jury-Selection Failures.*

In the PCR trial, Ary failed to offer any evidence or argument as to how his trial counsel was ineffective in handling the juror bias concerns during jury selection. The PCR court noted this omission from both Ary's PCR presentation and his post-trial brief, then stated, "[T]he court considers Ary's ineffective assistance of counsel claims with respect to voir dire to be withdrawn." The district court also referenced the Iowa Supreme Court's finding that additional record was

required to determine whether counsel was ineffective in jury selection. *See Ary*, 877 N.W.2d at 701–02. Without that record, the PCR court determined the jury-selection claim must be denied. With no testimony on the subject developed at the PCR hearing, we cannot resolve the question. Ary did not meet his burden to prove ineffective assistance of counsel related to the jury-selection allegations.

*Discovery Failure.*

As we noted above, the supreme court established that trial counsel failed to perform an essential duty by missing the discovery deadline. *Id.* at 705. Thus, our inquiry addresses whether Ary was prejudiced by this failure. Because we agree with the PCR court's thoughtful analysis, we affirm the denial of PCR. After reviewing the record, we find Ary failed to prove by a preponderance of the evidence that there was a reasonable probability the result would have been different but for trial counsel's failures. *See Strickland*, 466 U.S. at 694. While failing to conduct a deposition of the CI may have hampered a full cross-examination of this witness, trial counsel did capitalize on the CI's general lack of credibility and raised some of his prior convictions during cross-examination. Trial counsel described the CI as appearing "high" and "slurring words" during the testimony. Pushing the CI during cross-examination, trial counsel believed the testimony came across as inconsistent, evasive, and combative. While Ary maintains a deposition of the CI might have offered more evidence to impeach the CI, trial counsel used portions of the CI's criminal record to attack his creditability. But even with a poor trial appearance by the CI, the jury also heard detailed testimony from several police officers who directed and oversaw the CI in his role as a confidential informant buying crack cocaine from Ary. Lastly, there was

testimony confirming admissions Ary made that he had been selling crack cocaine around the time he was charged with selling to the CI. All of these facts provided significant evidence pointing to Ary's guilt, regardless of [CI's] testimony. *See State v. Graves*, 668 N.W.2d 860, 882–83 (Iowa 2003) (providing that when determining if the prejudice standard has been met, the court considers "the totality of the evidence, what factual findings would have been affected by counsel's errors, and whether the effect was pervasive or isolated and trivial.").

Thus, considering all the evidence presented against Ary at trial, we cannot say that the outcome would have been different but for trial counsel's failure. As such, we affirm the denial of Ary's PCR application.

**AFFIRMED.**